## Kate Bradley v. William B. Keen.

1. PARENT AND CHILD—*When a Child of Tender Years Does Not Forfeit Its Claim for Support.*—A child between eight and nine years of age, dependent upon its father for support, and subject to his will, does not forfeit its claim for such support by voluntarily remaining away from its father's house against his will.

2. INSTRUCTIONS—*Not to Ignore Uncontroverted Facts.*—Instructions which ignore uncontroverted facts in a contested case are erroneous and should not be given.

3. SAME—*To Be Accurate Where the Issues Are Close.*—In an action where the issues are contested and close it is important that the instructions be accurate.

Assumpsit, for board and lodging of a minor child. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed April 10, 1902.

SAMUEL J. LUMBARD, attorney for appellant.

STILLMAN & MARTYN, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant was plaintiff and appellee defendant in the trial court. The action was for board and lodging furnished to the child of the defendant, a minor daughter. In October, 1888, the defendant, being then a widower, made an agreement with the plaintiff to take care of and board his young daughter, who, as the evidence tends to show, was then fourteen or fifteen months old, he to pay

for the same at the rate of $13 per month. The child lived with and was taken care of by the plaintiff from October, 1888, until about December 30, 1897. The defendant paid the plaintiff for her care of the child until May 1, 1895, at the rate of $13 per month, and then ceased to pay. The plaintiff claims $13 per month from May 1, 1895, till December 30, 1897. The evidence was such that had the verdict and judgment been for the plaintiff we would, on appeal, be compelled to say that the verdict was sustained by the evidence. In this state of the evidence the instructions should have been accurate.

The plaintiff's counsel objects to instructions 2, 3 and 4, given at the request of the defendant, which are as follows :

2. " The jury are instructed that the preponderance or greater weight of evidence in a case is not necessarily determined by the number of witnesses testifying to a particular fact or state of facts, and if the jury find from the evidence that the plaintiff and another witness have testified that the defendant promised to pay the bill of the plaintiff, and that the defendant alone swore that he did not promise to pay said bill to the plaintiff, yet the jury are instructed that if they further believe from the evidence that from all the circumstances it is more consistent and probable that the testimony of the defendant is true, then they will be justified in finding that said evidence does not preponderate or have greater weight for the plaintiff, and in arriving at the truth you are instructed that you have the right to take into consideration all facts and circumstances proven on the trial, such as the situation of the parties, the previous conduct of the plaintiff and the defendant as to the subject-matter of the litigation, the appearance of the witnesses on the witness stand, and their manner of testifying in the case."

3. " The court instructs the jury that a child, by voluntarily remaining away from the home of his father against the father's consent, forfeits his claim to support, and those who credit the child even for necessaries, can not look to the parent for payment. And the court further instructs the jury that it is no excuse that the persons so furnishing necessaries were not aware that the child was acting contrary to the will of the father, for it is. the duty of those who give credit to the infant to know the infant's precise situation at their peril."

4. " The court instructs the jury that the plaintiff must

prove by a preponderance of the evidence that the defendant expressly promised to pay the plaintiff for the care of the child, or circumstances from which a promise may be implied, before a recovery can be had, and no promise can be inferred where the parent is at all times ready and desirous to care for the child, who is living away from home without the consent of the parent, or where the child is secreted away from the parent by the person who furnishes the care."

Instruction 2 is misleading, in that it apparently makes the determination of the question whether the defendant promised or not, the criterion of liability; whereas, under the evidence, the defendant may have been liable for the care of the child from May 1, 1895, till December 30, 1897, even though he made no special promise as to that period of time. It is not controverted that the defendant agreed when the child went to plaintiff's home, in October, 1888, that he would pay plaintiff for the taking care of her, $13 per month; and if, after May 1, 1895, the child remained with plaintiff with defendant's permission, either express or tacit, he would be liable to pay, without any further express promise as to the time subsequent to the last date. There was evidence tending to prove that the defendant, on being presented with a bill by the plaintiff for the care of the child from May 1, 1895, till December 30, 1897, promised to pay the bill; and the jury could not well understand the instruction otherwise than as referring to the evidence as to such promise, and as making their verdict depend on whether or not such promise was made.

Instruction 3 is erroneous. It is an abstract proposition of law, and inapplicable to the facts of the case, and, even as an abstract proposition, is erroneous. The evidence tends to prove that the defendant's daughter was between eight and nine years of age in May, 1895, and was, consequently, dependent on her father and subject to his will; and it is not the law that a child of so tender age, by voluntarily remaining away from her father's house against his will, forfeits her claim to support.

Instruction 4 is not applicable to the facts which the evidence tends to prove, and ignores such facts. It ignores the

uncontroverted fact that the defendant, when he placed the child in plaintiff's care, agreed to pay $13 per month, and in substance instructs the jury that, for the time subsequent to May 1, 1895, there must have been a promise, express or implied, in order to entitle plaintiff to recover. Also, the jury would necessarily infer from the instruction that, notwithstanding the contract of October, 1888, if the child remained with plaintiff after May 1, 1895, and the defendant, after that time, was ready and desirous to care for her, and she remained with the plaintiff without his consent, that there could be no recovery, even though plaintiff had no knowledge or notice that defendant was unwilling that the child should remain in her care. The instruction is also erroneous in suggesting that the child was secreted from defendant by plaintiff. We find no evidence tending, in the least, to prove a secreting of the child by the plaintiff.

The following instructions were asked by the plaintiff:

1. "The court instructs the jury that the father of a minor child is chargeable for the support and maintenance of the child furnished at his request, or with his consent."

2. "The court instructs the jury that if you believe from a preponderance of the evidence that the parties to this suit, at some time prior to the commencement of the suit, came to a settlement of the account between them, if any such account you believe from the evidence there was, and agreed upon the amount due to the plaintiff from the defendant, then the plaintiff is entitled to interest at the rate of five per cent per annum on the amount so agreed upon from date of so agreeing upon the amount due."

The court modified instruction 1 by striking out the word "or" and inserting the word "and," and modified instruction 2 by inserting next after the word "defendant" the words "and he then and there promised to pay it," and gave both the instructions so modified. We think instruction 1 should have been given.

Defendant testified that after May 1, 1895, his daughter called at his house three or four times, and that he permitted her to go back to the plaintiff. This certainly was evidence tending to prove that the child was in plaintiff's care with

defendant's consent.    The instruction, as modified, required both consent and request.

We also think that instruction 2 should have been given as asked.    The modification of it by the words "and he then and there promised to pay it" was calculated to mislead the jury into believing that even though the parties agreed on the amount due the plaintiff, this would not warrant a recovery, without an express promise to pay the amount, which is not the law.

The judgment will be reversed and the cause remanded.